UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRENDA MOORE,

    Plaintiff,

    v.

Case No. 2:19-cv-4032
Judge Edmund A. Sargus, Jr.
Chief Magistrate Judge Elizabeth P. Deavers

KELLY GARNER, *et al.*,

    Defendants.

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

On September 13, 2019, Plaintiff filed her Complaint. (ECF No. 1.) Because Plaintiff failed to pay the requisite $400.00 filing fee or to file an application for leave to proceed *in forma pauperis*, the Court issued a Notice of Deficiency, setting forth this deficiency and directing her to submit the required application for leave to proceed *in forma pauperis*, or alternatively, the filing fee within thirty (30) days. (ECF No. 2.) After additional Orders and Notices of Deficiency (ECF Nos. 6, 12), Plaintiff submitted a properly completed amended application for leave to proceed *in forma pauperis* (ECF No. 13), which is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a). Plaintiff's first motion to proceed *in forma pauperis* (ECF No. 11) is therefore **MOOT**. The Clerk is **DIRECTED** to remove that motion from the Court's pending motions list.

This matter is also before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of

1

Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for lack of subject matter jurisdiction and for failure to state a claim.

## I.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>  \*  \*  \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Formerly 28 U.S.C. § 1915(d).

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court

3

holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, a federal court has limited subject matter jurisdiction. "The basic statutory grants of federal court subject-matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for '[f]ederal-question' jurisdiction, and § 1332, which provides for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006). Federal-question jurisdiction is invoked when a plaintiff pleads a claim "arising under" the federal laws, the Constitution, or treaties of the United States. *Id.* (citation omitted). For a federal court to have diversity jurisdiction pursuant to Section 1332(a), there must be complete diversity, which means that each plaintiff must be a citizen of a different state than each defendant, and the amount in controversy must exceed $75,000. *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

## II.

Plaintiff, an individual apparently residing in California, names as Defendants Nationwide AMCO Insurance SA Food Services ("Nationwide") with a Columbus, Ohio address, Kelly Garner, an individual apparently employed by Nationwide with a Columbus, Ohio address, and Complex Legal Services, Inc. ("Complex Legal") with a Florance, California address. (ECF No. 1 at PAGEID # 2.) Plaintiff alleges as follows:

> Plaintiff while visiting Defendants [sic] insured Restaurant Plaintiff opened the Ladies Room door immediately stepped into a River of water on the Ladies Room floor Plaintiff lost footing from the very large amount of water covering the entire floor Plaintiff fall a number of times while trying too [sic] regain footing for

4

standing was unable, was not able to stand-up [sic] from the severe pain that could be felt in Plaintiff's body after the very hard fall on the very hard, very wet floor while laying in the River of water Plaintiff could see Toilet Sewage water running very forcefully from the Toilet into the Ladies Room floor. Plaintiff could also see at the point sink water running very forcefully from the Ladies room's sink Plaintiff was exposed to Dangerous Bacterial / Sewage waste and water, plus suffered serious bodily injuries.

(*Id*. at PAGEID # 3.) Plaintiff goes on to allege that Defendants violated her rights under Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (1996); The Privacy Act of 1974, 5 U.S.C. § 552(a) ("Privacy Act"); and 18 U.S.C. § 1028(a)(1) through the unauthorized dissemination of her Social Security number and other private information. (*See generally id*.) Plaintiff specifically alleges that this unauthorized dissemination "exposed Plaintiff to Identity Theft, Identity Fraud, Forgery everything, Theft by Deception." (*Id*. at PAGEID # 4; *see also id*. at PAGEID # 5 (alleging that such dissemination creates "the very potential for fraud, identity theft").)

Plaintiff asserts that this Court has subject matter jurisdiction over this action on the bases of 28 U.S.C. §§ 1331, 1332, 1343(3) and 18 U.S.C. § 1028(a)(1) (fraud and related activity in connection with identification documents). (*Id*. at PAGEID # 2.) The undersigned disagrees. First, Plaintiff fails to state a claim arising under federal law. "To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States." *Vistein v. Am. Registry of Radiologic Technologists*, 342 F. App'x 113, 127 (6th Cir. 2009); *see also Rubin v. Fannie Mae*, 587 F. App'x 273, 275 (6th Cir. 2014) (concluding that due process claim failed as a matter of law where the defendant was not a state actor); *Horen v. Bd. of Educ. of Toledo City Sch. Dist*., 594 F. Supp. 2d 833, 843 (N.D. Ohio 2009) ("Because defendants are not state actors, they cannot be held liable under the Fourteenth Amendment.") (citing *Jackson v. Metro. Edison*

*Co.*, 419 U.S. 345, 349 (1974) ("'[P]rivate conduct, however discriminatory or wrongful,' falls outside the scope of the Fourteenth Amendment[.]")). "The principal inquiry to be undertaken in determining whether a private party's actions constitute 'state action' under the Fourteenth Amendment to the United States Constitution is whether the party's actions may be 'fairly attributable to the State.'" *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

Here, Plaintiff has not, and cannot, based on her factual allegations, allege that the Defendants are state actors or that their conduct constitutes state action. Plaintiff therefore has failed to state a federal claim based on an alleged violation of her rights under Section 1983. *See Lugar*, 457 U.S. at 937; *Al-Bari v. Schofield*, No. 1:12-cv-00111, 2013 WL 1943016, at *2 (M.D. Tenn. May 9, 2013) ("Regardless, the insurance company is not a state actor that may be sued for constitutional violations under § 1983."); *Horen*, 594 F. Supp. 2d at 843.

Plaintiff's invocation of the Privacy Act does not save her claims. "Under the Privacy Act, '[a] civil damage action may be brought solely against an 'agency.''" *Smallwood v. A & G Mgmt.*, No. 2:19-cv-11245, LLC, 2019 WL 6339841, at *2 (E.D. Mich. Nov. 27, 2019) (quoting *Windson v. The Tennessean*, 719 F.2d 155, 160 (1983)); *see also Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005) (stating that the Privacy Act applies to only federal agencies). The Privacy Act defines an "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the government (including Executive Office of the President), or any independent regulatory agency." 5 U.S.C. § 552(f)(1). Because Defendants, an insurance company, an individual, and a private corporation, therefore do not fall within the statutory definition of an "agency," Plaintiff fails to state a claim as a matter of law. *See id.*; *Smallwood*, 2019 WL 6339841, at *2 (finding that claim failed as a matter of law where the defendant, a

private limited liability corporation, did not fall within the statutory definition of agency); *Ervin v. S. Cent. Kentucky Cmty. Coll.*, No. 1:13CV–P104, 2013 WL 5522670, at *3 (W.D. Ky. Oct. 3, 2013) ("Plaintiff fails to state a claim under the Privacy Act, 5 U.S.C. § 552a, because the Sixth Circuit has held that the Privacy Act only applies to federal agencies.") (citing *Schmitt*, 395 F.3d at 331); *Thomas v. Ohio*, No. 2:12-cv-00271, 2012 WL 12887939, at *2 (S.D. Ohio Apr. 27, 2012) ("An agency, however, is the only proper defendant under the Privacy Act. . . . The civil remedy provisions of the statute do not apply against private individuals, state agencies, private entities, or state and local officials.") (citations omitted), *report and recommendation adopted by* 2012 WL 12888336 (S.D. Ohio June 19, 2012).

In addition, the federal criminal statute addressing fraud and related activity in connection with identification documents, 18 U.S.C. § 1028, does not create a private civil cause of action or provide a basis for civil liability. *Shannon v. Thor Real Estate, LLC*, No. 16-cv-12904, 2016 WL 6216006, at *2 n.1 (E.D. Mich. Oct. 25, 2016) ("18 U.S.C. 1028 is a federal criminal statute that does not create a private cause of action."); *Anders v. Purifoy*, No. 16-cv-2321, 2016 WL 11479290, at *2 (W.D. Tenn. May 18, 2016) (finding that 18 U.S.C. § 1028, *inter alia*, is a criminal statute that does not provide a private right of action), *report and recommendation adopted by* 2016 WL 3102229 (W.D. Tenn. June 2, 2016) (certifying that an appeal would not be taken in good faith and denying leave to appeal *in forma pauperis* the dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Cunningham v. Duke Energy*, No. 1:11-cv-390, 2011 WL 2894623, at *2 (S.D. Ohio June 22, 2011) (finding, *inter alia*, that 18 U.S.C. § 1028 is a criminal statute that does not provide a private right of action and recommending that the plaintiff's complaint be dismissed with prejudice), *report and recommendation adopted by*

2011 WL 2894163 (S.D. Ohio July 19, 2011) (certifying that an appeal would not be taken in good faith and denying leave to appeal *in forma pauperis*).

Moreover, Plaintiff's invocation of HIPAA does not serve as a basis of jurisdiction as there is no private right of action under HIPAA. *Crockett v. Core Civic*, No. 3:17-cv-00746, 2017 WL 3888352, at *4 (M.D. Tenn. Sept. 5, 2017) ("Federal '[c]ourts have repeatedly held that HIPAA does not create a private right' and 'cannot be privately enforced . . . via § 1983.'") (citations omitted); *Bonds v. Univ. of Cincinnati Med. Ctr.*, No. 1:15-cv-641, 2016 WL 6893846, at *3 (S.D. Ohio Nov. 23, 2016) ("However, plaintiff has no private cause of action under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104–191, 110 Stat. 1936 (1996) (codified as amended in scattered sections of 18, 26, 29, 42 U.S.C.)[.]") (citations omitted); *Robinette v. Lazzerini*, No. 5:15-cv-2726, 2016 WL 931061, at *2 (N.D. Ohio Mar. 11, 2016) ("HIPAA, however, does not afford individuals a private right of action. Rather, penalties for HIPAA violations are imposed by the Secretary of Health and Human Services.") (citations omitted); *Cottman v. Horizon Healcare*, No. 1:15–cv–68, 2015 WL 959913, at *3 (S.D. Ohio Mar. 4, 2015) (adopting recommendation to dismiss action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) that concluded, *inter alia*, "this Court lacks jurisdiction because there is no private right of action under HIPPA") (citations omitted).

Having concluded that Plaintiff has not established subject matter jurisdiction by asserting a civil rights lawsuit, a lawsuit arising under the Constitution, laws, or treaties of the United States, or through another federal statute giving rise to subject matter jurisdiction, the undersigned next considers Plaintiff's assertion of subject matter jurisdiction based on diversity jurisdiction. (*See* ECF No. 1 at PAGEID # 2.) Plaintiff has not alleged that there is complete diversity among the parties and, therefore, the undersigned cannot discern a basis for diversity

jurisdiction. (*See id*. at PAGEID ## 1–2 (listing Plaintiff's address in Carlsbad, California; listing Columbus, Ohio as the address for Nationwide and Kelly Garner; and listing a Florance, California address for Complex Legal).) *See Caterpillar, Inc.*, 519 U.S. at 68 (requiring complete diversity, *i.e.*, each plaintiff must be a citizen of a different state than each defendant, for a federal court to have diversity jurisdiction pursuant to Section 1332(a)); *Novick v. Frank*, No. 16–4189, 2017 WL 4863168, at *1 (6th Cir. 2017) ("For jurisdiction to be proper under § 1332(a), there must be complete diversity of citizenship among the parties—'no party [can] share citizenship with any opposing party.'") (quoting *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 545 (6th Cir. 1994)). This Court therefore does not have subject matter over this action, which must be dismissed. Fed. R. Civ. P. 12(h)(3).

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that Plaintiff's Motion to Separate (ECF No. 14) be **DENIED** and that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

In light of this posture, the deadline for any Defendant to respond to the Complaint is **SUSPENDED** pending the presiding District Judge's final ruling on this Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: December 23, 2019            /s/ *Elizabeth A. Preston Deavers*
                                   ELIZABETH A. PRESTON DEAVERS
                                   CHIEF UNITED STATES MAGISTRATE JUDGE