# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**BRENDA MOORE,**

      **Plaintiff,**

      **v.**

**KELLY GARNER,** *et al.*,

      **Defendants.**

**Case No. 2:19-cv-4032**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Elizabeth Preston Deavers**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's December 23, 2019, Report and Recommendation (ECF No. 15). Plaintiff Brenda Moore ("Plaintiff") has filed Objections to the Report and Recommendation (ECF No. 18). Plaintiff has also filed a Motion to Separate her personal injury claims from her other claims (ECF No. 14). For the reasons stated herein, the Court **OVERRULES** Plaintiff's Objections to the Report and Recommendation (ECF No. 18), **ADOPTS** the December 23, 2019 Report and Recommendation (ECF No. 15), and **DENIES** the Motion to Separate (ECF No. 14). The above-captioned case is **DISMISSED.**

### I.

Plaintiff is an individual residing in California. (Compl. at 1, ECF No. 1.) On September 13, 2019, Plaintiff sued three defendants. (*See id.*) First, Plaintiff sued Kelly Garner, an individual residing in Columbus, Ohio. (*Id.* at 2.) Second, Plaintiff sued Nationwide AMCO Insurance SA Food Services ("Nationwide"), with its address in Columbus, Ohio. (*Id.*) Third, Plaintiff sued Complex Legal Services, Inc. ("Complex Legal") with its address in Florance, California. (*Id.*)

Plaintiff alleges that on or about May 23, 2018, Plaintiff was at a restaurant insured by Nationwide. (*Id.* at 3.) Plaintiff alleges she went into the women's restroom and "lost her footing

from the very large amount of water covering the entire floor," and then fell several more times while trying to stand. (*Id.*) Plaintiff alleges she "could see [t]oilet [s]ewage water running very forcefully from the [t]oilet into the [l]adies' [r]oom's sink," and thus, she "was exposed to [d]angerous [b]acterial [s]ewage waste and water." (*Id.*) Plaintiff alleges that as a result she suffered serious bodily injury. (*Id.*)

Next, Plaintiff alleges that Ms. Garner accessed Plaintiff's social security number and private medical records, without Plaintiff's consent, in violation of the Health Insurance Portability and Accountability Act ("HIPPA") and the Federal Privacy Act. (*Id.* at 4.) Additionally, Plaintiff alleges Ms. Garner committed identity theft and identity fraud. (*Id.*)

Plaintiff further alleges that Complex Legal allowed at least ten people to access Plaintiff's social security number and birth date, which exposed Plaintiff to "identity theft[], identity fraud, forgery everything [and] theft by deception." (*Id.*)

Plaintiff alleges that as a result of these events, she has suffered physical pain, emotional pain, and may suffer adverse consequences from the misuse of her personal information. (Compl. at 5.)

The Magistrate Judge recommended that the Court dismiss the action for lack of subject matter jurisdiction and failure to state a claim. (Order & Initial Screen R. & R. at 1, ECF No. 15, hereinafter "R. & R.") Plaintiff has submitted three objections. (*See* Obj. R. & R., ECF No. 18, hereinafter "Pl.'s Obj.")

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The

district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The federal *in forma pauperis* statute is "designed to ensure indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Dupont De Numours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included subsection (e) authorizing federal courts to dismiss certain claims *sua sponte. Id.* Courts may, *sua sponte,* dismiss claims which they determine are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Neitzke*, 490 U.S. at 324.

Additionally, complaints must satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's standards articulated to govern dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply also to Section 1915(e). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the author of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility of an

3

inference depends on many considerations, "including commo n sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally. " *Garret v. Belmont Cty. Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this lenient treatment has limits, "a pro se pleading must provide the opposing party with notice of the relief sought . . . it is not within the purview of the district court to conjure up claims

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006).

A district court has jurisdiction over a civil case under Section 1331 (i.e. federal-question jurisdiction) when "she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Id.* A district court has jurisdiction over a civil case under Section 1332 (i.e., diversity jurisdiction) where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). Section 1332(a) requires complete diversity, such that each plaintiff is diverse from each defendant. *Caterpillar Inc., v. Lewis*, 519 U.S. 61, 68 (1996).

## III.

Plaintiff objects to the Magistrate Judge's recommendations that this Court: (1) find there is no subject matter jurisdiction; (2) find Plaintiff failed to state a claim; and (3) deny Plaintiff's motion to separate. (*See* Pl.'s Obj.)

### 1. Subject-Matter Jurisdiction

Plaintiff objects to the Magistrate Judge's conclusion that there is no subject matter jurisdiction. (Pl.'s Obj. at 1–2.) The Magistrate Judge concluded there is no diversity jurisdiction, for there is not complete diversity. (R. & R. at 8–9.) The Magistrate Judge also concluded there is no federal question jurisdiction. (*Id.* at 8.)

There are several federal statutes Plaintiff mentions in her Complaint. None of these statutes, however, can serve as the basis for federal question jurisdiction. Plaintiff's Complaint mentions the Privacy Act, however, this Act "applies exclusively to federal agencies." *Schmitt v. City of Detroit*, 395 F.3d 327, 331 (6th Cir. 2005). Plaintiff has not sued a federal agency.

Plaintiff also mentions a federal criminal statute, 18 U.S.C. 1028. This statute does "not provide a private cause of action or basis for civil liability" and "a private citizen cannot institute a criminal action." *Cunningham v. Duke Energy*, No. 1:11-cv-390, 2011 WL 2894623, at *1 (S.D. Ohio June 22, 2011.) Finally, Plaintiff mentions HIPPA, which similarly does not provide a private right of action. *Cottman v. Horizon Healcare*, No. 1:15-cv-68, 2015 WL 969913, at *3 (S.D. Ohio Mar. 4, 2015). The Court agrees with the Magistrate Judge that there is no federal question jurisdiction based on any of the federal statues Plaintiff names.

Plaintiff objects and alleges that her claim has diversity of citizenship jurisdiction. (Pl.'s Obj. at 1–2.) Plaintiff explains that Nationwide is incorporated in Ohio and thus, is a citizen of Ohio for diversity jurisdiction purposes. (*Id.* at 1.) Plaintiff goes on to note that when a corporation

5

merges, only the citizenship of the surviving entity needs to be diverse. (*Id.* at 2.) Finally, Plaintiff contends Ms. Garner is a citizen of Ohio for she is domiciled there. (*Id.*)

The Court does not disagree with Plaintiffs stated contentions. The problem, however, is that Plaintiff also sued Complex Legal. (*See* Compl. at 1.) Complex Legal is a citizen of California. (*Id.*) Thus, Plaintiff and Complex Legal are from the same state. There is not complete diversity in this case, as required by Section 1331. *Caterpillar*, 519 U.S. at 68. The Court agrees with the Magistrate Judge's decision that Plaintiff does not have subject-matter jurisdiction in this case. Plaintiff's objection is **OVERRULED.**

### 2. Failure to State a Claim

Plaintiff does not object to the Magistrate Judge's finding that Plaintiff failed to state a claim under 42 U.S.C. § 1983 due to failing to sue a person acting under color of state law. (*See* R. & R. at 5–6.)

Plaintiff does object, however, to the contention that she failed to state a claim under 18 U.S.C. § 1028. (Pl.'s Obj. at 3.) Plaintiff states that Defendant Ms. Garner "[b]reached her [s]ocial [s]ecurity [n]umber" by failing to redact it from a pleading on the public record. (*Id.*) The Magistrate Judge stated that the Court did not have subject-matter jurisdiction to hear this claim. (R. & R. at 7.) As explained above, the undersigned agrees because there is not private right of action under this law. *See Cunningham*, 2011 WL 2894623 at *1.

A federal court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." *Sinochem Int'l Co.*, 549 U.S. at 430–31. This Court cannot consider the merit of Plaintiff's claim because there is no subject-matter jurisdiction. Plaintiff's objection is **OVERRULED.**

### 3. Motion to Separate

Plaintiff objects to the Magistrate Judge's recommendation that the Plaintiff's Motion to Separate be denied. (Pl.'s Obj. at 4.) Plaintiff contends that a negotiation between Plaintiff and Defendant is ongoing and the Magistrate Judge is trying to circumvent this ongoing process. (*Id.*) Further, Plaintiff argues that the case must be separated because it is one civil case, based on the fall at the restaurant, and one criminal case, based on the unauthorized sharing of her social security number. (*Id.*)

As stated above, Plaintiff does not object to the dismissal of her Section 1983 claim based on failure to sue a person acting under color of law. Additionally, the Court has found it has no subject-matter jurisdiction over the other claims. Thus, despite Plaintiff's objections, there is no case left to separate. Thus, the Plaintiff's objection is **OVERRULED** and the motion to separate is **DENIED.**

### IV.

In conclusion, the Court **OVERRULES** Plaintiff's Objections (ECF No. 18) and **ADOPTS** the December 23, 2019, Report and Recommendation (ECF No. 15), thereby **DISMISSING** the action and **CERTIFYING** that an appeal of this Opinion taken *in forma pauperis* would not be taken in good faith. Additionally, the Plaintiff's Motion to Separate (ECF No. 14) is **DENIED.** The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

_1-27-2020_
**DATE**

EDMUND A. SARGUS, JR.
**UNITED STATES DISTRICT JUDGE**